UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARION VANLEER,

      Plaintiff,

v.

DETROIT POLICE DEPARTMENT,
*et al.*,

      Defendants.

_____/

Case No. 1:25-cv-289

Hon. Hala Y. Jarbou

**REPORT AND RECOMMENDATION**

This is a *pro se* lawsuit filed by Bernarion VanLeer ("plaintiff"). Plaintiff lives in Detroit, Michigan. He was formerly a prisoner in the custody of the Michigan Department of Corrections (MDOC). However, this lawsuit involves an incident at a hospital sometime after plaintiff was released from prison.

While the caption of this lawsuit names the MDOC as a defendant, the body of the complaint lists two MDOC employees as defendants, Jeri Ann Sherry (Deputy Director of Operations) and Heidi Washington (Director), with addresses in Lansing, Michigan. Compl. (ECF No. 1, PageID.1-2). The caption also names "Sinai Grace Hospital Security Employees." *Id*. at PageID.1. Plaintiff later refers to these defendants as "Sinai Grace Hospital Security Guard" and Gary Purushotham "Chief Executive Officer" at Sinai Grace Hospital. *Id*. at PageID.2. Plaintiff listed addresses for these two Sinai defendants at the hospital in Detroit, Michigan. *Id*. Finally, the caption names the "Detroit Police Department", which plaintiff later identifies as "Police Officers" at the department's 12th precinct in Detroit, Michigan. *Id*. at PageID.1-2. For the reasons set forth below, defendants Washington and Sherry should be dismissed and, upon their

dismissal, this case should be transferred to the United States District Court for the Eastern District of Michigan.

### I. Plaintiff's complaint

Plaintiff's complaint involves an incident which occurred at Sinai Grace Hospital in Detroit, Michigan:

> 11-8-23 I went to Sinia [sic] Grace Hospital and asked to be seen about my injury to my knee, my spine, my neck and me not been [sic] able to feel anything on my left side and the pain that I was in also I wanted my blood drew [sic] because I wanted to check my system because I wasn't feeling right but they refused to take my blood and give me the medical attention I was asking for or needed treatment for besides x-rays and a cat scan. But when I asked about drawing my blood, they refused and said, all they can do is piss test me. . . I left and went back home. . . .

*Id*. at PageID.2-3.

Plaintiff was in pain the next day and returned to the hospital. *Id*. at PageID.3. He sat in the emergency room for at least five hours and no one called his name to get him. *Id*. at PageID.4. Plaintiff stated the "I wasn't bothering anybody" and "I wasn't doing anything wrong", but a security guard told plaintiff that he had to leave because he was trespassing. *Id*. According to plaintiff,

> They picked me up and carried me outside they throw me on the ground put they [sic] knee in my neck to the point I can't breathe and choke me, put my arms behind my back trying to break it. Dragging me on the ground for no reason and beating [ ] me[.] They [sic] "Security Guard" assaulted me then took me back in to the hospital in a back room and assaulted me some more until "Detroit Police" got there but the whole time I'm asking them, why they [sic] doing this to me? The Guard sitting outside of the room in the chair watching the door said MDOC.

*Id*. The Detroit Police arrived, assaulted plaintiff, and tried to break his arm while he was handcuffed. *Id*. at PageID.4-5. Then, "Fake" doctors and "fake" security guards wearing "fake" uniforms "mixed with the Real Security Guards". *Id*. at PageID.5. Plaintiff recognized "different logos" on people's shirts and stated, "That's when I know it was someone very powerful behind

2

this doing to me!![sic]" [sic]. *Id*. Someone strapped plaintiff to a stretcher, tried to break his finger, and stuck him with a needle. *Id*. at PageID.5-6. Plaintiff woke up the next day "with bruises and cuts all over my body". *Id*. at PageID.6. Plaintiff called his nephew who took him to a different hospital. *Id*.

Plaintiff appears to sue defendants for alleged violations of the Fourth and Eighth Amendments and violations of state law (including excessive use of force, false arrest and imprisonment, malicious prosecution, entrapment, cruel and unusual punishment, and assault). *Id*. at PageID.7. Plaintiff asks for unspecified monetary compensation and injunctive relief. *Id*. Plaintiff does not identify whether he is suing defendants in an individual or official capacity. *Id*. at PageID.2.[1]

## II.    Discussion

Plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 4). Having granted plaintiff *in forma pauperis* status, "the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e). In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility

---

[1] In answering a question on the form complaint regarding "Official and/or personal capacity?", plaintiff appears to have placed numbers (*e.g.*, 100-1500, 100-500, 50-100, and 500-5,000). Compl. at PageID.2.

3

>when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

As discussed, plaintiff resides in Detroit, Wayne County, Michigan. The alleged incidents on November 8-9, 2023, occurred at the Sinai Grace Hospital in Detroit. All of the defendants are located in Detroit, except for MDOC Director Washington and MDOC Deputy Director of Operations Sherry, whose offices are located in Lansing, Ingham County, Michigan. Plaintiff does not allege that MDOC defendants Washington or Sherry were involved in the alleged

4

incidents. "Personal involvement is necessary to establish section 1983 liability." *Murphy v. Grenier*, 406 Fed. Appx. 972, 974 (6th Cir. 2011). *See Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999) ("It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions."). As this Court stated in one of plaintiff's previous § 1983 lawsuits in which he sued Raphael Goudy, Alandy Murray and Rebecca Harris of the "Michigan Correction Organization", simply naming a defendant in a complaint is not sufficient to state a cause of action:

> The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). By failing to mention Defendants Goudy, Murray, and Harris in the body of his complaint, Plaintiff fails to allege how these Defendants allegedly violated his constitutional rights. Accordingly, Plaintiff's claims against Defendants Goudy, Murray, and Harris fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

*Benarion Vanleer v. Wayne County Sheriff's Department, et al.*, 1:25-cv-288 (W.D. Mich. March 25, 2025) (Order of partial dismissal and transfer, ECF No. 4, PageID.20).

Here, plaintiff has failed to allege how MDOC defendants Washington and Sherry violated his constitutional rights at the Sinai Grace Hospital. In this regard, plaintiff does make any allegations against these two defendants. His entire claim against defendants appears to be based on a "guard" who allegedly said "MDOC" when plaintiff asked "Why they doing this to me?". Compl. at PageID.4. In summary, the complaint does not state cause of action against defendants Heidi Washington and Jerri Ann Sherry that is "plausible on its face." *See Iqbal*, 556 U.S. at 678. Accordingly, defendants Washington and Sherry should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Next, without claims against defendants Washington and Sherry, venue is not proper in the Western District of Michigan. The general venue statute, 28 U.S.C. § 1391(b) states that:

> A civil action may be brought in-- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

With respect to residency, the statute further provides that "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). With respect to the Detroit Police Department, it resides and they "reside" in that county for purposes of venue over a suit challenging official acts. *See, e.g., O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) ("The official residence of the Supreme Court of Ohio is in the place where it performs its official duties, that is, Columbus, the State Capital and the seat of State Government."); *VanLeer*, 1:25-cv-288 (ECF No. 4, PageID.20) (finding that defendants Wayne County Sheriff's Department and Detroit Police Department "are public entities for purposes of venue over a suit challenging official acts").

As one Court explained,

> If venue is improper in the district where a case is filed, but would be proper in a different district, "a district court has the power to sua sponte transfer [the] case" under § 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *see Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes"—including § 1406(a)—"that give federal courts the power to transfer cases *sua sponte*."). Section 1406(a) provides that "cases should be transferred only when it is in the interests of justice." *Flynn*, 95 F. App'x at 738; *see* 28 U.S.C. § 1406(a). The transfer is "to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a). "Transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being

6

> decided on procedural grounds." *Flynn*, 95 F. App'x at 741 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).

*Wilson v. Kelley*, No. 24-CV-12063, 2024 WL 4520339 at *2 (E.D. Mich. Oct. 17, 2024).

Plaintiff identified the individual defendants (the hospital security guards and Gary Purushotham) as being employed at the Sinai Grace Hospital, which is located in Wayne County, Michigan. In addition, defendant Detroit Police Department and its officers perform their official functions in Wayne County. There is no allegation in the complaint that any of these defendants are domiciled in the Western District of Michigan. *See* 28 U.S.C. § 1391(b)(1), (c)(1). With respect to the transactional venue provision, § 1391(b)(2), there is no allegation that the events giving rise to the claim occurred in the Western District of Michigan. As discussed, the November 2023 incidents occurred at the Sinai Grace Hospital in Detroit. Therefore, the residential and transactional venue provisions are not satisfied with respect to the Western District of Michigan.

However, venue is proper under the transactional venue provision in a different district, *i.e.*, the United States District Court for the Eastern District of Michigan. Plaintiff's claims arise from events that that occurred at the Sinai Grace Hospital, which is located in Wayne County and which is within the geographical boundaries of the Eastern District of Michigan. *See* 28 U.S.C. § 102(a).

In conclusion, assuming that the two MDOC defendants are dismissed, the Western District of Michigan is not a proper venue for this case. Because the events giving rise to plaintiff's claims took place in the Eastern District of Michigan, venue is proper in that district. *See* 28 U.S.C. § 1391(b)(2). For all of these reasons, the undersigned finds that it is in the interest of justice to transfer the case to the Eastern District of Michigan. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or

if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### III. RECOMMENDATION

Accordingly, I respectfully recommend that defendants Heidi Washington and Jerri Ann Sherry be **DISMISSED**.

I further recommend that upon their dismissal, this case be **transferred** to the United States District Court for the Eastern District of Michigan.


Dated:  April 22, 2025                             /s/ Ray Kent
                                                   RAY KENT
                                                   United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).