UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARION VANLEER,

    Plaintiff,

v.

DETROIT POLICE DEPARTMENT, et al.,

    Defendants.

_____/

Case No. 1:25-cv-289

Hon. Hala Y. Jarbou

## ORDER

Plaintiff Bernarion VanLeer filed this 42 U.S.C. § 1983 lawsuit pro se against Defendants Detroit Police Department, Michigan Department of Corrections ("MDOC"), Jerry Ann Sherry (the "Deputy Director of the Operation" at the MDOC), Heidi Washington (the "Director" of the MDOC), Gary Purushotham (the CEO of Sinai Grace Hospital), and unknown Sinai Grace Hospital Security Guards. (Compl., ECF No. 1.) The action stems from allegations that the hospital refused to provide VanLeer with proper care, which resulted in a mix of law enforcement and private security officers forcefully removing him from the building. (*Id.*)

Under 28 U.S.C. § 1915(e)(2) review, Magistrate Judge Kent issued a report and recommendation ("R&R") calling for the dismissal of Defendants Sherry and Washington. (ECF No. 6.) He also recommends the Court transfer the case to the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 1406(a). VanLeer did not object to the R&R. For the reasons discussed herein, the Court adopts the R&R in part; Defendants Sherry, Washington, and the MDOC will be dismissed, and the case will be transferred to the Eastern District of Michigan.

Magistrate Judge Kent was correct in determining that VanLeer did not properly "make any allegations against" Defendants Sherry and Washington. (R&R 5.) Upon review, the Court

has also determined that another defendant should be dismissed. The MDOC is an arm of the state that is entitled to sovereign immunity. *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010). Thus, dismissal is appropriate for the MDOC as well.

Regarding transfer of venue, the R&R relies on 28 U.S.C. § 1406(a), which is reserved for cases in which the original venue was "wrong" or "improper." "Whether venue is 'wrong' or 'improper'" for 28 U.S.C. § 1406(a) purposes "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Constr., Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). "Venue is determined at the commencement of an action." *AlixPartners, LLP v. Brewington*, 133 F. Supp. 3d 947, 961 (E.D. Mich. 2015) (internal quotation and citation omitted); *see also Exxon Corp. v. FTC*, 588 F.2d 895, 899 (3d Cir. 1978) ("[V]enue is determined at the outset of the litigation and is not affected by a subsequent change in parties.").[1] When VanLeer filed the lawsuit, the defendants were all residents of Michigan and at least one defendant was a resident of this district. Thus, the Western District of Michigan is a proper venue under 28 U.S.C. § 1391(b)(1).

Because venue is proper in the Western District, the Court cannot consider transfer under 28 U.S.C. § 1406(a). *Atl. Marine Constr.*, 571 U.S. at 57-58. Instead, because the action "was commenced in a district court where both personal jurisdiction and venue are proper," the Court may consider transfer under § 1404(a). *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015).

Courts may transfer a case sua sponte under § 1404(a) to any other district or division where the lawsuit might have been brought. *Carver v. Knox County*, 887 F.2d 1287, 1291 & n.2 (6th Cir. 1989). To determine whether § 1404(a) transfer to another district is appropriate, courts

---

[1] While courts make subsequent analyses related to venue if a party is joined, the addition of a new party does not render initial venue improper; the consequence of improper venue for a joined party is the dismissal of that party. Fed. R. Civ. P. 19(a)(3).

consider: the convenience of the witnesses, the location of operative facts, the ability to compel unwilling witnesses, the interests of justice, the ease of access to sources of proof, the convenience of the parties, and the plaintiff's choice of forum.  *Means v. U.S. Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016).  Other than the plaintiff's choice of forum, all factors weigh in favor of transferring the case to the Eastern District of Michigan.  Further, the plaintiff's choice of forum is afforded less weight when the plaintiff does not reside in the chosen forum; here, the plaintiff lives in the Eastern District of Michigan.  (Compl. 3.)  Transferring the case to the Eastern District of Michigan will benefit the parties and witnesses, and it will further the interests of justice.  Thus, transferring the case under 28 U.S.C. § 1404(a) to the Eastern District of Michigan—where the case could have been brought under 28 U.S.C. § 1391(b)(1) or (b)(2)—is appropriate.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 6) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants Sherry, Washington, and the MDOC will be **DISMISSED**.

**IT IS FURTHER ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 1404(a).

Dated: May 12, 2025                         /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE